# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-1131V
UNPUBLISHED

| | |
|---|---|
| MATTHEW CARUSO, the Natural Parent and Guardian of L.C., a Minor, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: December 12, 2022 <br><br> Special Processing Unit (SPU); Joint Stipulation on Damages; Rotavirus Vaccine; Intussusception |

*Gary A Butler*, Massa Butler Giglione, Pittsburgh, PA, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

On March 29, 2021, Matthew Caruso filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that L.C. suffered a Table injury – an intussusception – as a result of a December 28, 2018 rotavirus vaccination. Petition at ¶¶ 3, 5; Stipulation, filed at December 8, 2022, ¶¶ 1-2, 4. Petitioner further alleges the vaccine was administered within the United States, that L.C. suffered the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on L.C.'s behalf as a result of his injury. Stipulation at ¶¶ 3, 5; *see* Petition at ¶¶ 3, 38-40. Respondent "denies that the rotavirus vaccine caused L.C.'s alleged intussusception or any other injury; and denies that L.C.'s current condition is a sequelae of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on December 8, 2022, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $77,000.00, paid to a life insurance company from which an annuity will be purchased (the "Life Insurance Company").** The annuity will be payable to L.C. in a single lump sum on August 14th, 2043, his twenty-fifth birthday. The lump sum annuity payment is based upon the date of birth for L. C. of August 14th, 2018. If L.C.'s date of birth is determined to be otherwise, the amount of the annuity payments described above will be adjusted accordingly. Should L.C. predecease the payment of the annuity, the annuity payment shall be made payable to L.C.'s Estate

Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

MATTHEW CARUSO, the Natural Parent and
Guardian of L.C., a minor,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 21-1131V
Chief Special Master Corcoran

## STIPULATION

The parties hereby stipulate to the following matters:

1. Matthew Caruso, the Natural Parent and Guardian of L.C., a minor ("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to L.C.'s receipt of a rotavirus vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. L.C. received his rotavirus vaccine on December 28, 2018.

3. The vaccination was administered within the United States.

4. Petitioner alleges that L.C. developed intussusception after a rotavirus vaccine, which is a Table injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on L.C.'s behalf as a result of his condition.

6. Respondent denies that the rotavirus vaccine caused L.C.'s alleged intussusception or any other injury; and denies that L.C.'s current condition is a sequelae of a

vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $77,000.00, paid to a life insurance company from which an annuity will be purchased (the "Life Insurance Company"). The annuity will be payable to L.C. in a single lump sum on August 14th, 2043, his twenty-fifth birthday. The lump sum annuity payment is based upon the date of birth for L. C. of August 14th, 2018. If L.C.'s date of birth is determined to be otherwise, the amount of the annuity payments described above will be adjusted accordingly. Should L.C. predecease the payment of the annuity, the annuity payment shall be made payable to L.C.'s Estate.

This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

11. The annuity contract will be owned solely and exclusively by the Secretary of

Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money

provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for L.C.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the rotavirus vaccination administered on or about December 28, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about March 29, 2021, in the United States Court of Federal Claims as petition No. 21-1131V.

17. If petitioner or L.C. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the U.S. Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended,

except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the rotavirus vaccine caused L.C.'s alleged intussusception, any other injury, or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*[signature]*
MATTHEW CARUSO

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*
GARY A. BUTLER
Massa Butler Giglione
Three Gateway Center, Suite 1543
401 Liberty Avenue
Pittsburgh, PA 15222
Tel: (412) 338-1800
Email: gbutler@massalawgroup.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14 — Digitally signed by George R. Grimes -S14
Date: 2022.11.14 08:47:36 -05'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 12/8/22

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
KATHERINE C. ESPOSITO
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-3774
Email: katherine.esposito@usdoj.gov